**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2924
_____

UNITED STATES OF AMERICA

v.

CHAY WRIGHT,
Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(No. 3:16-cr-00255-001)
District Judge: Robert D. Mariani

_____

Submitted under Third Circuit L.A.R. 34.1(a)
on Thursday, November 14, 2019

Before: AMBRO, KRAUSE, and BIBAS, *Circuit Judges*.

(Opinion filed: November 27, 2019)

OPINION[*]

KRAUSE, *Circuit Judge*.

Appellant Chay Wright appeals his conviction and sentence, arguing that the District Court erred by providing misinformation at his change of plea hearing and then subsequently erred again by relying on erroneous facts at his sentencing hearing. Because we agree that the District Court's inadvertent misstatement at Wright's change of plea hearing rendered his waiver of rights invalid, we will vacate and remand on that basis and need not reach the error at Wright's sentencing hearing.

## Discussion[1]

Wright initially pleaded not guilty to possession of heroin, bk-MDEA (ethylone), cocaine, and crack cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). He subsequently changed his plea to guilty. At his change of plea hearing, Wright asked the District Judge whether "it was possible that the Court would accept a conditional guilty plea." JA 40. The following colloquy occurred:

> THE COURT: I can't do that.
> THE DEFENDANT: You can't do that?
> THE COURT: No.
> THE DEFENDANT: Okay, well, I just thought it was in my right to ask.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] The District Court had jurisdiction under 18 U.S.C. § 3231, and we have appellate jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

THE COURT: It is in your right to ask. I'll sit here and answer any questions you have. But I can't take a conditional plea, no, that's not something that the law allows me to do.
THE DEFENDANT: Really?
THE COURT: Really.
THE DEFENDANT: It's not in the rule book, huh? There is a such thing as a conditional guilty plea, though, correct?
THE COURT: No.
THE DEFNDANT: There's no such thing?
THE COURT: No.
THE DEFNDANT: Wow. I don't know where I got that from then. Okay.

JA 40–41.[2]   Wright now argues that on the basis of this error we should vacate his conviction and sentence.

Both parties frame the error as a defect in the Rule 11 plea colloquy and therefore argue that either plain error or harmless error review should apply. But the plain error and harmless error standards of review, set forth in *United States v. Vonn*, 535 U.S. 55 (2002), apply only to "violations of [Rule 11], where the district court has failed to inform the defendant of, and determine that the defendant understands, a factor enumerated in Rule 11(B)(1)." *United States v. Goodson*, 544 F.3d 529, 539 n.9 (3d Cir. 2008) (internal quotation marks and citation omitted). "[A] defendant who claims that he was *misled* or coerced into entering the agreement . . . challenges the validity of the waiver itself, not the Rule 11 colloquy." *Id.* (emphasis added). We review such a challenge *de novo* whether the error has been preserved below or not. *Id.*

---

[2] It is undisputed that at Wright's sentencing hearing the District Court also misstated Wright's single-probation violation as a history of parole violations despite Wright's repeated attempts to correct the Court.

The Government argues first that the District Court did not provide incorrect information because at the time of Wright's change of plea hearing he could not have entered a conditional plea. Wright had withdrawn his motion to suppress after a plea agreement was reached and therefore had not received an adverse determination on a pretrial motion, and the Government had not acquiesced to a conditional plea. This argument would have some force if the District Court had stated solely that Wright could not currently enter a plea. But the Court went further, stating that there was no such thing as a conditional plea under the Federal Rules. In doing so, it misstated the law. Rule 11(a)(2) provides that "[w]ith the consent of the court and government, a defendant may enter a conditional plea of guilty." Fed. R. Crim. P. 11(a)(2). And while we are left to speculate whether Wright would have reinstated his motion to suppress had he received accurate information, the District Court's repetition of the misstatement improperly precluded his further consideration of the issue.

The Government also argues that Wright "was fully prepared and willing to enter a guilty plea" and there is no evidence that he would have changed his mind had he received accurate information.[3] Appellee's Br. 13. Primarily, the Government bases this argument on the fact that Wright signed an Acknowledgment of Rights Waived by Guilty Plea prior

---

[3] The Government argues too that there is no evidence that it would have acquiesced to a conditional guilty plea. But this argument mistakes the focus of our inquiry. We assess whether Wright's waiver of rights is invalid because he was misled by the District Court. The Government has not pointed us to evidence in the record that it communicated its refusal to negotiate a conditional plea to Wright. We therefore cannot say that this refusal cured the District Court's misstatement by informing Wright that, at least under the circumstances, a conditional plea was unavailable.

to his change of plea hearing. But this is not the prototypical case where a judge's failure to advise a defendant of the rights he is waiving by pleading guilty may be cured by the execution of a written Acknowledgment of Rights Waived. *See, e.g.*, *Goodson*, 544 F.3d at 541. Here the Acknowledgment does nothing to counteract the weighty effect the District Court's misstatement likely had on Wright's understanding of the options available to him. And there is evidence in the record that Wright was not satisfied with his plea agreement. He mentioned "certain issues" that "led up to the guilty plea," JA 39–40, and asked repeatedly whether he could enter a conditional plea, or at least whether, as a general matter, the Federal Rules provided for conditional pleas.

Given our standard of review and the potential significance of the District Court's inadvertent misstatement, we will vacate and remand to the District Court to exercise its discretion in addressing these matters. In so doing, we do not foreclose the District Court's ultimate imposition of the same sentence.

**Conclusion**

For the foregoing reasons, we will vacate the conviction and sentence and remand to the District Court.